# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MBH HIGHLAND, LLC,**[1] | ) | **Case No. 3:20-bk-01940** |
| | ) | **Chapter 11** |
| | ) | **Judge Charles M. Walker** |
| Debtor. | ) | |
| | ) | **Jointly Administered** |

> **THE DEADLINE FOR FILING A TIMELY RESPONSE IS: 4/5/2021**
>
> **IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE HELD ON 4/16/2021 11:00 a.m. by AT&T conference line number 888-363-4749 Access Code 7250422.**

### NOTICE OF MOTION OF THE DEBTORS: (I) FOR AN ORDER TO DISTRIBUTE REMAINING ASSETS, AND SEPARATELY (II) FOR AN ORDER DISMISSING THE CHAPTER 11 CASES

Bass, Berry & Sims PLC, Counsel for the Debtors and Debtors-in-possession in these Chapter 11 Cases has asked the court for the following relief: for an Order to distribute remaining assets, and separately for an Order dismissing the Chapter 11 cases.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Clerk's Intake Department at (615)736-5584.

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

---

[1] The Debtor's "Affiliate Debtors" that are jointly administered within this case, are: MBH West Virginia, LLC, Case No. 3:20-bk-01939, and MBH Health Center, LLC, Case No. 3:20-bk-0194.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Respectfully submitted,

/s/ Paul G. Jennings
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com

*Counsel for the Debtors and
Debtors in Possession*

30117855.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MBH HIGHLAND, LLC,[1] | ) | Case No. 3:20-bk-01940 |
| | ) | Chapter 11 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |
| | ) | Jointly Administered |

**MOTION OF THE DEBTORS: (I) FOR AN ORDER TO DISTRIBUTE
REMAINING ASSETS, AND SEPARATELY
(II) FOR AN ORDER DISMISSING THE CHAPTER 11 CASES**

MBH Highland, LLC ("MBH"), and its affiliated debtors, as debtors-in-possession (collectively the "Debtors"), by and through their undersigned counsel, respectfully request the Court to enter an Order substantially in the form attached as Exhibit A (the "Distribution Order"), pursuant to section 507 of title 11 of the United States Code (the "Bankruptcy Code"), and thereafter entering an Order substantially in the form attached as Exhibit B (the "Dismissal Order") dismissing these Chapter 11 Cases.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor's "Affiliate Debtors" that are jointly administered within this case, are: MBH West Virginia, LLC, Case No. 3:20-bk-01939, and MBH Health Center, LLC, Case No. 3:20-bk-0194.

## RELEVANT FACTS

2.  On March 29, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 (the "Chapter 11 Cases") of Title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered. No trustee, examiner, or statutory creditors' committee has been appointed in the Chapter 11 Cases. Steve Moore, Principal of Tortola Advisors, has been retained as Chief Restructuring Officer ("CRO") of the Debtors.

3.  Substantially all of the Debtors' assets were sold pursuant to prior order of the Court (DN 158), which sale closed on July 1, 2020 (the "Closing"). Several important events relating to the Debtors' assets occurred at or around the Closing:

    a. All secured claims of the Debtors were paid at Closing.

    b. The PBGC took over the Debtors' Pension Plan on June 30, 2020, and the Debtors no longer have control of any assets in the Pension Plan. (The Pension Plan assets and liabilities were not assumed by the buyer.)

    c. After the closing, the Debtors paid some wind-down costs—including U.S. Trustee quarterly fees for the second quarter—all of which were obligations of the Debtors and all of which were previously disclosed on the July monthly operating report (DN 166).

4.  The exclusive period for the Debtors to file a plan and disclosure statement expired on July 26, 2020, and neither the Debtors nor any party in interest has filed a plan. Indeed, for the reasons set forth below, the Debtors believe that a plan confirmation process would not be in the best interest of creditors and there is no reasonable likelihood of reorganizing in any event.

5.      Since the Closing and payment of wind-down expenses, the Debtors paid their administrative expenses, including the undersigned's approved first interim fee application for fees and expenses incurred from the Petition Date to July 31, 2020 (DN 164, the "Interim Fee Application"), and U.S. Trustee quarterly fees.

6.      After Closing, the Debtors also incurred additional fees and expenses (the "Post-Closing Work") regarding:

   a. performing additional work on finalizing the transfer of the Pension Plan;

   b. collecting settlement funds held in the registry of the U.S. District Court for the Southern District of West Virginia, which settlement funds were required to be paid over to CHCT Lending, LLC (the "DIP Lender"), and those funds have been paid to the DIP Lender.

   c. drafting and filing a supplemental assumption and assignment motion of an agreement important to the Buyer (and that had been inadvertently omitted from the Sale);

   d. liquidating an investment account that was not part of the assets sold in the Sale (and that required significant explanation and work by counsel and Tortola proving the Debtors' ownership of the account);

   e. recovering a refund of insurance premiums, yielding a net benefit to the estate of approximately $40,000 (after payment of legitimate workers' compensation insurance premiums that were owed by the Debtors);

   f. filing monthly operating reports disclosing all post-closing transactions, and paying accrued U.S. Trustee fees;

   g. preparing the Second and Final Fee Application discussed below;

       h. preparing this Motion.

7. Based on the Post-Closing Work, the Debtors also expect to have the following amounts owing as administrative expenses (the "Post-Closing Administrative Expenses"):

       a. $2,000 (approximately) owing to the Noticing Agent (Stretto) for the service of the Second and Final Fee Application and of this Motion and of orders after entry.

       b. $76,697.00 for the Second and Final Fee Application.

       c. $20,000 for the post-closing work by the CRO in preparing the monthly operating reports and recovering the investment account (Tortola has agreed to cap its fee for Post-Closing work at this amount, which this flat fee represents a substantial discount of the actual time and expenses involved in the Post-Closing work).

       d. the amount of $250.00 for the First Quarter United States Trustee fees and $1,625.00 for the Second Quarter United States Trustee fees.

The Debtors have therefore reserved $100,572.00 to cover all of the Post-Closing Administrative Expenses (the "Administrative Reserve Funds"). The Debtors are aware of no legitimate administrative expenses other than the Post-Closing Administrative Expenses.

8. The Debtors, concurrently with this Motion, filed a Second and Final Fee Application for the fees and costs incurred by the undersigned since the filing of the Interim Fee Application, which included the Post-Closing Work.

9. The Debtors currently have $198,902.97 in the remaining two open bank accounts.

10. The proposed Distribution Order will provide for the payment of the final administrative expenses, with any remaining assets being paid to the DIP Lender.

*Excess Funds and the DIP Lender*

11. Apart from the Administrative Reserve Funds, and assuming the final professional fees are approved as filed, the Debtors expect to have approximately $98,330.97 remaining in bank accounts (the "Remaining Funds"). The Debtors believe the Remaining Funds should be paid in their entirety to the DIP Lender. The DIP Lender has asserted a claim to any such Remaining Funds, and the DIP Financing Order (DN 103) provided that the DIP Lender would have a lien on all of the Debtors' assets, subject to certain administrative expenses such as the Post-Closing Administrative Expenses. As a result, after payment of the Post-Closing Administrative Expenses, the Remaining Funds should be paid to the DIP Lender.

*Full Administration of Debtors' Assets and Dismissal of the Chapter 11 Cases*

12. After payment of the Administrative Reserve Funds and the Remaining Funds, the Debtors' assets will have been fully administered. The Debtors have no future business operations. Dismissal of the Chapter 11 Cases would be in the best interests of all parties.

13. The Debtors believe this is the best course of action for several reasons: After payment of the amounts above, the Debtors will have no assets; Debtors are aware of no claims likely to result in a positive recovery for the bankruptcy estate, the Remaining Funds would be devoured by the costs and time involved either in: (i) proposing and confirming a liquidating plan; or, (ii) converting the cases to Chapter 7 and having a trustee "get up to speed," after which any Remaining Funds would be diminished by the Chapter 7 Trustee's statutory fee for distributions. In either alternative, the DIP Lender receives a diminished or no distribution. At least with the course of action proposed here, the DIP Lender will receive the Remaining Funds, in which it has an interest ahead of all other creditors (other than the Post-Closing Administrative Expenses).

## RELIEF REQUESTED AND BASIS FOR RELIEF

14. By this Motion, the Debtors seek entry of an order directing the Debtors to pay the Administrative Reserve Funds to the respective administrative claimants and to pay the Remaining Funds to the DIP Lender (after payment of the final administrative expenses of the bankruptcy estate through the Administrative Reserve Funds) and then subsequent entry of an order dismissing these Chapter 11 Cases, as are more fully described herein.

15. The Bankruptcy Code provides the priority in which a Debtors' assets are to be distributed before general unsecured creditors, and the only relevant remaining distributions (other than to the DIP Lender) are to administrative expenses (second priority). 11 U.S.C. §507(a)(2).

16. As stated above, all secured claims (other than the lingering security interest of the DIP Lender) have been paid at Closing, and the Debtors have reserved for current and expected administrative expenses (including US Trustee quarterly fees) through the date of the proposed dismissal of the case. The Remaining Funds should therefore be paid to the DIP Lender, which has a security interest in the funds.

17. A debtor may voluntarily seek dismissal of its bankruptcy case for cause if it is "in the best interests of the creditors and the estate." 11 U.S.C. §1112(b)(1). One of the enumerated "causes" for dismissal is "substantial or continuing loss or diminution of the estate and the absences of a reasonable likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A).

18. As stated above, upon approval of the pending Second and Final Fee Application, and upon entry of the Distribution Order, all of the Debtor's assets will have been fully administered, and the Debtors have no ongoing business—there is no estate to continue. Also, the costs of proposing a liquidating plan, besides being futile, would eliminate all the Remaining

Funds, leaving no distribution for any creditor. The Debtors clearly satisfy the grounds for dismissing the Chapter 11 Cases.

19. Also as stated above, converting the Chapter 11 Cases to Chapter 7 is not in the best interests of the creditors or the estate, because a Chapter 7 trustee would be burdened with the significant time to "get up to speed" on the cases and then have only minimal funds to distribute (which would entitle the Trustee to a small statutory fee). Such a result benefits no party in interest and actually diminishes the potential distribution to the secured creditor.

20. Although the Debtors' cases are jointly administered, the requested orders should apply to all of the Debtors' Chapter 11 Cases.

21. If there are no objections, the Debtors propose to submit the Order on distributions (Exhibit A) following the hearing, and then submit the Order dismissing the cases (Exhibit B) after the Distribution Order has become final and the distributions made.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A approving the proposed distributions, and subsequently

enter an order substantially in the form attached hereto as Exhibit B dismissing the cases for cause, and such other and further relief as it deems just and proper.

        Respectfully submitted,

        /s/ Paul G. Jennings
        Paul G. Jennings, TN Bar No. 14367
        Glenn B. Rose, TN Bar No. 10598
        Gene L. Humphreys, TN Bar No. 21807
        Bass, Berry & Sims PLC
        150 Third Avenue South, Suite 2800
        Nashville, TN 37201
        Telephone (615) 742-6200
        Facsimile (615) 742-6293
        pjennings@bassberry.com
        grose@bassberry.com
        ghumphreys@bassberry.com

*Counsel for Debtors*

# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MBH HIGHLAND, LLC,[1] | ) | Case No. 3:20-bk-01940 |
| | ) | **Chapter 11** |
| | ) | **Judge Charles M. Walker** |
| **Debtor.** | ) | |
| | ) | **Jointly Administered** |

## ORDER AUTHORIZING THE DEBTORS' TO DISTRIBUTE FUNDS IN ANTICIPATION OF CLOSING CASE

Upon consideration of the *Motion of the Debtors: (i) for an Order to Distribute Remaining Assets, and Separately (ii) for an Order Dismissing the Chapter 11 Cases for* (Dkt. No. __)[2] (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion was given pursuant to Bankruptcy Rule 6006(c), and as set forth

---

[1] The Debtor's "Affiliate Debtors" that are jointly administered within this case, are: MBH West Virginia, LLC, Case No. 3:20-bk-01939, and MBH Health Center, LLC, Case No. 3:20-bk-0194.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

herein, and was sufficient under the circumstances; this Court having reviewed and considered the Motion and any objections thereto and having heard; and the Court having determined that the legal and factual bases set forth in the Motion and the record made at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**THIS COURT FINDS AND DETERMINES THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized to pay the following administrative expenses: (i) $76,697.00 to Counsel for the Debtors on account of the approved Second and Final Fee Application; (ii) _____ to Stretto, the Debtors' noticing agent, for noticing costs associated with the final filings in the case; and (iii) $20,000 to the CRO for its post-closing work.

3. After payment of the foregoing administrative expenses, the Debtors are authorized to pay any Remaining Funds to CHCT Lending, LLC, as DIP Lender, based on the DIP Lender's security interest in the Debtors' assets.

4. Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

This order was signed and entered electronically as indicated at the top of the first page.

Approved for entry:

/s/ Paul G. Jennings
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com

*Counsel for the Debtors and
Debtors in Possession*

# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MBH HIGHLAND, LLC,[1] | ) | Case No. 3:20-bk-01940 |
| | ) | Chapter 11 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |
| | ) | Jointly Administered |

## ORDER DISMISSING THE CHAPTER 11 CASES

Upon consideration of the *Motion of the Debtors: (i) for an Order to Distribute Remaining Assets, and Separately (ii) for an Order Dismissing the Chapter 11 Cases for* (Dkt. No. __)[2] (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion was given pursuant to Bankruptcy Rule 6006(c), and as set forth herein, and was sufficient under the circumstances; this Court having reviewed and considered the

---

[1] The Debtor's "Affiliate Debtors" that are jointly administered within this case, are: MBH West Virginia, LLC, Case No. 3:20-bk-01939, and MBH Health Center, LLC, Case No. 3:20-bk-0194.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

Motion and any objections thereto and having heard; and the Court having determined that the legal and factual bases set forth in the Motion and the record made at the Hearing establish just cause for the relief granted herein; and the Debtors (by submitting this Order to the Court for entry) having represented to the Court that the final distributions have been made, and after due deliberation and sufficient cause therefor,

**THIS COURT FINDS AND DETERMINES THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Court having previously authorized the Debtors to pay the final administrative expenses and distribute the remaining assets of the estates to the DIP Lender (Dkt. No. ___), these Chapter 11 Cases shall be closed by the Clerk at the Clerk's earliest opportunity.

> This order was signed and entered electronically as indicated at the top of the first page.

Approved for entry:

/s/ Paul G. Jennings
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com

*Counsel for the Debtors and
Debtors in Possession*
29175347.4