# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MBH HIGHLAND, LLC,[1] | ) | Case No. 3:20-bk-01940 |
| | ) | Chapter 11 |
| | ) | Judge Charles M. Walker |
| Debtor. | ) | |
| | ) | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO DISTRIBUTE FUNDS IN ANTICIPATION OF CLOSING CASE

Upon consideration of the *Motion of the Debtors: (i) for an Order to Distribute Remaining Assets, and Separately (ii) for an Order Dismissing the Chapter 11 Cases for* (Dkt. No. 184)[2] (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion was given pursuant to Bankruptcy Rule 6006(c), and as set forth

---

[1] The Debtor's "Affiliate Debtors" that are jointly administered within this case, are: MBH West Virginia, LLC, Case No. 3:20-bk-01939, and MBH Health Center, LLC, Case No. 3:20-bk-0194.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

herein, and was sufficient under the circumstances; this Court having reviewed and considered the Motion and any objections thereto and having heard; and the Court having determined that the legal and factual bases set forth in the Motion and the record made at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**THIS COURT FINDS AND DETERMINES THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized to pay the following administrative expenses: (i) $74,897.00 to Counsel for the Debtors on account of the approved Second and Final Fee Application; (ii) $7,400 to Stretto, the Debtors' noticing agent, for noticing costs associated with the final filings in the case; (iii) $20,000 to Gordon Food Services for goods delivered in the 20 days before the Petition Date (as disclosed to the Court at the Hearing); and (iv) $20,000 to the CRO for its post-closing work.

3. After payment of the foregoing administrative expenses, the Debtors are authorized to pay any Remaining Funds to CHCT Lending, LLC, as DIP Lender, based on the DIP Lender's security interest in the Debtors' assets.

4. There is presently a credit held by the United States Trustee for overpayment of U.S. Trustee quarterly fees. After the U.S. Trustee applies the credit to quarterly fees for the first and second quarter of 2021, any remaining balance will be refunded to the Debtor, in care of the CRO, to be subsequently paid over to CHCT Lending.

5. Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

This order was signed and entered electronically as indicated at the top of the first page.

Approved for entry:

/s/ Paul G. Jennings
Paul G. Jennings, TN Bar No. 14367
Glenn B. Rose, TN Bar No. 10598
Gene L. Humphreys, TN Bar No. 21807
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
pjennings@bassberry.com
grose@bassberry.com
ghumphreys@bassberry.com

*Counsel for the Debtors and
Debtors in Possession*